## ROBERTA COAL CO. v. RUDD.

Court of Appeals of Kentucky.
May 22, 1953.

Stephen Combs, Jr., Whitesburg, for appellant.

Napier & Napier, Hazard, for appellee.

CAMMACK, Justice.

This is a suit in equity brought November 2, 1945, by Roberta Coal Company against Bruce Rudd over the mineral rights in an 82.1 acre tract on Thornton Creek in Letcher County. Roberta Coal Company claims to own all the mineral rights in the tract, except for the coal in the Elkhorn No. 3 coal bed under a 14.47 acre tract lying within the 82.1 acre tract in dispute. Rudd is admittedly the owner of the surface rights in the 82.1 acre tract and of the Elkhorn No. 3 coal bed under the 14.47 acres previously mentioned. The plaintiff sought an injunction, $1500 damages for the value of the coal taken by defendant and $250 damages for trespass. On November 23, 1945, the trial court entered a restraining order. By an amended answer, counterclaim and cross-petition, the defendant claimed all the mineral rights under the 82.1 acres by a general warranty deed from Dr. B. F. Wright. His prayer asked that title be quieted in him as against Roberta Coal Company and Southeast Coal Company, which had also been made a party, or that he recover $6,000 on account of improvements made by him, or that he recover $11,000 from Dr. B. F. Wright for the purchase price and improvements. By a second amended answer, counterclaim and cross-petition, filed July 2, 1951, defendant asked for a reformation of the deed from Dr. Wright to himself to show that it conveyed all the mineral rights, since that was the intention of the parties. The plaintiff and cross-defendants filed response and answers making up the issues. On September 11, 1951, the court dismissed plaintiff's petition and on November 3, 1951, directed that the status quo be maintained.

All parties claim under A. C. Craft and wife. The Crafts sold the mineral rights to the Hamilton Realty Company on July 17, 1913, and Hamilton Realty then conveyed the mineral rights to Roberta Coal Company on August 15, 1913. Roberta Coal Company leased the coal rights to the Yellow Jacket Coal Company on November 30, 1914, retaining the oil rights. Yellow Jacket assigned all its rights under the lease to Southeast Coal Company on January 11, 1915, with the consent of Roberta. Roberta also conveyed the Elkhorn No. 3 coal bed under the 14.47 acres over to Southeast Coal Company on January 2, 1935.

The Crafts deeded the surface of the 82.1 acres in dispute to Southeast Coal Company on March 23, 1920. On July 23, 1940, Southeast conveyed a number of properties to Dr. B. F. Wright. The Elkhorn No. 3 bed under the 14.47 acres here involved was conveyed as tract No. 8 in the deed and the surface of the 82.1 acres, which are here involved, was conveyed as tract No. 7 of the deed. Dr. Wright, by deed of August 7, 1940, conveyed two tracts to Rudd:

the 82.1 acre surface tract as tract No. 1 and the 14.47 acre Elkhorn No. 3 coal bed as tract No. 2.

The appellant asserts that the plain effect of these deeds was to convey the surface rights in the 82.1 acre tract and the 14.47 Elkhorn No. 3 coal bed to Rudd, leaving the other mineral rights in Roberta, subject to the lease to Southeast. Appellee seems to claim that Roberta's lease to Southeast made Southeast the fee simple owner of the surface and minerals. He further contends that Southeast then conveyed the fee to Dr. Wright, who reconveyed to him. He asks that the deeds be reformed to show this and contends in the alternative that Roberta and Southeast are barred by laches.

The case is before this Court on appeal and cross-appeal from the dismissal of the petition. The appellant asks that it be adjudged the owner of the property and be given damages for wrongful removal of coal from the property in controversy to the extent of $160, the value of royalties at 25 cents per ton on the coal admittedly taken by appellee. The appellee asks that the judgment of the lower court dismissing this petition be affirmed, and by way of cross-appeal he asks that this Court direct the lower court to adjudge him owner of the surface and mineral rights in the 82.1 acres.

The chancellor has not favored us with a memorandum stating his reasons for the dismissal of the petition. We can find no basis in the record to justify his judgment.

The plain and unambiguous language of the deeds in the appellee's chain of title conveyed him no mineral rights, except the Elkhorn No. 3 coal bed under 14.47 acres. Although this bed had been mined to some extent, there was some coal remaining, which could be taken, and was taken, by the appellee from this bed. The remaining mineral rights were clearly in Roberta, subject to the Yellow Jacket lease.

█ The appellee offered some evidence and some hearsay that he was told that he was buying or had bought all the mineral rights under the 82.1 acres. The over-whelming weight of the evidence is to the contrary. In a deposition taken on February 28, 1951, appellee testified he understood "all ways" in the deed meant "all veins," but this seems to have been an afterthought. As late as September 21, 1950, he understood "all ways" to mean "eternity," or as used in his deed to mean that he could take as much time as he wanted to get out his coal. Dr. Wright and Mr. C. C. Hooper both contradicted appellee's conclusions by their testimony. We conclude there was no substantial evidence of a mistake, much less of a misrepresentation, in this case.

[2] The appellee claims in the alternative that, even if the mineral rights were not conveyed to him, the appellant should be barred by laches. The appellee purchased the land in 1940 and made various improvements without objection from Roberta or Southeast until 1944. Most of the appellee's operations, however, would appear on their face to be consistent with his ownership of the surface and the Elkhorn No. 3 seam. Apparently, the activities of the appellee in mining the coal in the Elkhorn No. 1 or Elkhorn high explosive seam did not come to the appellant's attention until appellee tried to sell his rights to Crawford. Crawford consulted an attorney about the title, and was advised that the seam did not belong to the appellee. Crawford then reported these facts to Roberta, which promptly objected in person and by letter to appellee's activities in mining the disputed seam. We conclude that these facts do not establish laches.

█ It is our conclusion that the judgment should be reversed. The Roberta Coal Company should be adjudged owner of the property and awarded damages to the extent of $160, which is the amount claimed by appellant in the brief. The damages represent royalties at 25 cents per ton on the coal which the appellee admitted on deposition that he had taken, or had allowed others to take under lease from him, from the disputed seam. Recovery of the reasonable or customary royalty is allowed where the trespass is innocent. Hughett v. Caldwell County, 313 Ky. 85, 230 S.W.2d 92, 21 A.L.R.2d 373.

The judgment is reversed on the appeal and affirmed on the cross-appeal, and the case is remanded for proceedings consistent with this opinion.